NO. 07-05-0203-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 8, 2006
_____

SHAWNA LYN BORTH,

Appellant

v.

JOHN C. KELLEHER, JR., M.D.,

Appellee
_____

FROM THE 251st DISTRICT COURT OF RANDALL COUNTY;

NO. 55,233-C; HON. PATRICK PIRTLE, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

Shawna Lyn Borth appeals from a final summary judgment denying her recovery upon her health care liability claim against John Kelleher, Jr., M.D. The trial court also executed an order identifying her as a vexatious litigant. Borth previously sued Kelleher for damages purportedly arising from a surgery performed by Kelleher on July 25, 1991. That suit resulted both in a trial court judgment denying her relief against the doctor and an opinion from this court affirming that judgment. *See Borth v. Kelleher*, No. 07-01-0054-

CV, 2002 Tex. App. LEXIS 398 (Tex. App.–Amarillo, January 18, 2002, pet. denied). Despite those decrees, Borth again sued the doctor, on November 5, 2004, again seeking recovery for injuries purportedly caused by the same 1991 surgery. Upon joining issue, Kelleher moved for summary judgment alleging, among other things, limitations and *res judicata*. So too did it move to have Borth designated a vexatious litigant. Both forms of relief were granted Kelleher by the trial court. Appealing from those orders, Borth contends that the trial court erred in entering them.

Having determined in our 2002 opinion that Borth's claims against the doctor arising from the 1991 surgery were then barred by limitations, we see no reason why that conclusion should be any different now. As early as March 11, 1993, she accused the doctor of erring, in some manner, during the surgery. So too has she sought and obtained medical care related to her alleged injuries as well as initiated multiple suits against Kelleher involving the same acts (though claiming different injuries). More importantly, her having so initiated such suits (as early as November 16, 1998), it cannot be said that she lacked reasonable opportunity to discover the purported wrongs and prosecute the claims encompassed in her 2004 suit. *See Shah v. Moss*, 67 S.W.3d 836, 842 (Tex. 2001) (holding that the open courts provision of our state constitution bars application of limitations to claims of which the complainant lacked reasonable opportunity to discover). So, for the reasons expressed in our 2002 opinion, we again conclude that limitations barred Borth from suing Kelleher in 2004. Finally, because Borth again attempted to sue Kelleher upon causes of action encompassed by previous suits and rejected through a prior judgment, we also conclude that the trial court had basis to deem her a vexatious litigant. *See* TEX. CIV. PRAC. & REM. CODE ANN. §11.054(2)(A) & (B) (Vernon 2002)

2

(defining a vexatious litigant as one who attempts to relitigate, in propria persona, the validity of a prior determination against the same defendant after litigation has been finally determined against her and there is no reasonable probability she will prevail).

Accordingly, we overrule Borth's points of error and affirm the judgment and order of the trial court.

Per Curiam